**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DELLA FRALEY,**

    **Plaintiff,**

**vs.**                                                    **CASE NO.:**

**THE PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA,**

    **Defendant.**

_____ /

## COMPLAINT

COMES NOW the Plaintiff, DELLA FRALEY, ("Fraley"), by and through the undersigned attorney, and sues the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") and alleges as follows:

## GENERAL ALLEGATIONS

1.      This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2.      This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3.      ERISA provides for nationwide service of process.  29 U.S.C. §1132(e)(2).

4.      This Court has venue pursuant to 29 U.S.C. §1132(e)(2).  In particular, in ERISA actions, venue is proper where a defendant resides or may be found.  Here, Prudential can be found in the state of Florida as well as in the county of Hillsborough. It is an authorized insurer in the state of Florida and has agents in Hillsborough County, Florida.  See attached Exhibit "A."

5.      Fraley is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

6.      Fraley was an employee of Vertiv Group Corporation ("Vertiv" or "Employer") and as such she was insured through a group disability policy issued to Vertiv by Prudential.

7.      The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing short term disability ("STD") and long term disability ("LTD") benefits.

8.      The "Plan" is a welfare benefit plan established under ERISA to provide STD and LTD benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

9.      A copy of the applicable Plan document is in the possession of Prudential.

10.     Prudential is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

11.     Prudential initially approved Fraley's claim for STD benefits.  Benefits were paid until on or about February 17, 2020.  The maximum period of time for which STD benefits potentially were payable was on or about February 29, 2020.

12.     Moreover, LTD benefits were to have begun on or about March 1, 2020. Fraley applied for LTD benefits and that claim was denied.

13.     Fraley appealed the termination of STD benefits and the denial of LTD benefits.  Prudential upheld its decision on appeal.  Prudential's last letter upholding the decision on the appeal is dated November 9, 2020.  This letter allows Fraley to file a second appeal.  However, this appeal is voluntary.  The November 9, 2020 letter specifically provides that, having completed her first level of appeal, Fraley has exhausted her administrative remedies and is entitled to bring a lawsuit at this time.

14.     With respect to the claims made herein, Fraley has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
**(Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))**

Fraley incorporates the allegations contained in paragraphs 1 through 14 above, and further states:

15.     The Plan provided for the payment of STD and LTD benefits in the event Fraley became disabled as defined in the Plan.  The Plan also provided for the continuation of other benefits in the event of disability.  The other benefits are described with particularity in the applicable plan documents for those plans.

16.     Fraley was and is disabled as defined by the Plan at all times material hereto.

17.     Fraley made a claim for Plan benefits.  Said claim for benefits was terminated or denied.

18.     Fraley is entitled to STD and LTD benefits under the terms of the Plan.

19.     Prudential has failed and refused to pay Fraley sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

20.     Because of the failure to pay benefits pursuant to the terms of the Plan, Fraley has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Fraley is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Fraley, prays for relief from defendant, Prudential, for the payment of STD and LTD benefits, reinstatement to all other benefits, including the

3

waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  December 14, 2020

*/s/Gregory D. Swartwood*
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff